UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| TERRY W. BETTIS, Individually and on Behalf of All Others Similarly Situated,<br><br>                            Plaintiff,<br><br>     vs.<br><br>ENVISION HEALTHCARE CORPORATION f/k/a ENVISION HEALTHCARE HOLDINGS, INC., et al.,<br><br>                        Defendants. | Civil Action No. 3:17-cv-01112<br><br>Honorable Waverly D. Crenshaw, Jr.<br><br><u>CLASS ACTION</u> |
| CARPENTERS PENSION FUND OF ILLINOIS,, Individually and on Behalf of All Others Similarly Situated,<br><br>                            Plaintiff,<br><br>     vs.<br><br>ENVISION HEALTHCARE CORPORATION f/k/a ENVISION HEALTHCARE HOLDINGS, INC., et al.,<br><br>                        Defendants. | Civil Action No. 3:17-cv-01323<br><br>Honorable Aleta A. Trauger<br><br><u>CLASS ACTION</u> |

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

## I.    INTRODUCTION

Two related securities class action lawsuits (the "Related Securities Cases") are pending before this Court on behalf of investors who purchased or acquired of Envision Healthcare Corporation f/k/a Envision Healthcare Holdings, Inc. ("Envision" or the "Company") securities between March 2, 2015 and September 18, 2017 (the "Class Period") against the Company and several of its senior executive officers and directors for alleged violations of the Securities Exchange Act of 1934 (the "1934 Act").[1]  In securities class actions, the Private Securities Litigation Reform Act of 1995 ("PSLRA") directs district courts to resolve consolidation before appointing a lead plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  Here, the Related Securities Cases should be consolidated because they involve similar legal and factual issues.  *See* Fed. R. Civ. P. 42(a).

As soon as practicable after its decision on consolidation, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." 15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  The Laborers Pension Funds should be appointed lead plaintiff because they filed a timely Motion, have the largest financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).[2]  In addition, the Laborers Pension Funds' selection of Barrett Johnston Martin & Garrison, LLC as local counsel and Robbins Geller Rudman & Dowd LLP as lead counsel for the putative class should be approved.  15 U.S.C. §78u-4(a)(3)(B)(v).

---

[1]    The Related Securities Cases are *Bettis v. Envision Healthcare Corp.*, No. 3:17-cv-01112 (filed 8/4/17) and *Carpenters Pension Fund of Illinois v. Envision Healthcare Corp.*, No. 3:17-cv-01323 (filed 9/29/17).

[2]    The Laborers Pension Funds include the Laborers Pension Trust Fund for Northern California and LIUNA National (Industrial) and Staff & Affiliates Pension Funds.

Because the Laborers Pension Funds satisfy the statutory criteria for appointment as lead plaintiff, the Court should grant their motion.

## II.    STATEMENT OF FACTS

Envision was formed by the merger of AmSurgCorp. ("AmSurg") and Envison Healthcare Holdings, Inc. ("EHH") on December 1, 2016. Envision provides health care services in the United States, including surgery, pharmacy, medical imaging, emergency care, and other related health care services. EmCare Holdings, Inc. ("EmCare") is one of the Company's primary operating subsidiaries. Envision shares trade on the New York Stock Exchange under the ticker EVHC.

The complaints allege that defendants made materially false and misleading statements and/or failed to disclose the following material information during the Class Period:

- EmCare routinely arranged for patients who sought treatment at in-network facilities to be treated by out-of-network physicians and billed these patients at higher rates than if the patients had received treatment from in-network physicians and the Company's statements attributing EmCare's Class Period growth to other factors were therefore false and/or misleading;

- Defendants were aware that Envision's forecasted revenues for EmCare were unsustainable absent EmCare's improper billing practices; and

- As a result of the foregoing, defendants' statements about Envision's business and operations were false and misleading and/or lacked a reasonable basis.

On July 24, 2017, *The New York Times* reported that hospitals associated with EmCare were disproportionately likely to engage in "surprise billing," in which patients who sought treatment at in-network facilities were treated by out-of-network physicians and subsequently billed at higher rates. The article stated that in a study released by researchers at Yale, "the rate of out-of-network doctor's bills for customers of one large insurer jumped when EmCare entered a hospital. The rates of tests ordered and patients admitted from the E.R. into a hospital also rose . . . ." The article described this "strategy as a 'kind of ambushing of patients.'" On this news, Envision's share price fell nearly 4%, to close at $60.28 per share on July 24, 2017.

- 2 -

On September 18, 2017, Envision announced significant organizational changes, including the retirement of its Chief Financial Officer, a newly established position of Chief Operating Officer, and the resignation of the President of Physician Services. Following this announcement, Envision's stock price dropped nearly 10% on September 19, 2017.

These stock price declines caused hundreds of millions of dollars in losses to Envision investors who relied on the accuracy of defendants' statements and suffered damages when the truth began to be revealed.

## III.     ARGUMENT

### A.     The Related Securities Cases Should Be Consolidated

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a). Importantly, the PSLRA contemplates consolidation if "more than one action on behalf of a class asserting substantially the same claim" has been filed. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Indeed, "[c]ourts have found that consolidation is particularly appropriate in securities class action litigation." *French v. CBL & Assocs. Properties, Inc.*, 2016 WL 7668501, at *1 (E.D. Tenn. Sept. 26, 2016).

Here, the Related Securities Cases assert violations of the 1934 Act on behalf of similar putative classes against similar defendants arising out of an identical set of facts (*i.e.*, defendants' alleged violation of the 1934 Act). *Compare Bettis* Complaint *with Carpenters Pension Fund of Illinois* Complaint. Because these actions involve common legal and factual questions, the same discovery and similar class certification issues will be relevant to both actions. *See French*, 2016 WL 7668501, at *1 ("Although one of the complaints asserts a slightly different class period and names two additional defendants than the other two complaints, the Court finds that consolidation is necessary because all three cases present common questions of law and fact, the differences do not outweigh the interests of judicial economy, and because consolidation would benefit the parties.").

- 3 -

Accordingly, the Court should consolidate these cases.

**B.      The Laborers Pension Funds Are the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).  First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff."  15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in this case was published on August 4, 2017.  *See* Declaration of Jerry E. Martin in Support of Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel ("Martin Decl."), Ex. A.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that –

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *Blitz v. AgFeed Indus., Inc.*, 2012 WL 1192814, at *2 (M.D. Tenn. Apr. 10, 2012).  The Laborers Pension Funds meet these requirements and should be appointed as Lead Plaintiff.

- 4 -

### 1. The Laborers Pension Funds' Motion Is Timely

The August 4, 2017, statutory notice published in connection with the filing of the *Bettis* Complaint advised class members of the pendency of the action, the claims asserted, the relevant time period, and the right to move the Court for appointment as lead plaintiff by October 3, 2016. *See* Martin Decl., Ex. A; 15 U.S.C. §78u-4(a)(3)(A). Because this Motion is being timely filed by the statutory deadline, the Laborers Pension Funds are eligible for appointment as lead plaintiff.

### 2. The Laborers Pension Funds Have the Largest Financial Interest in the Relief Sought by the Class

As evidenced by their PSLRA Certifications, the Laborers Pension Funds purchased or acquired 181,417 Envision shares during the Class Period, held tens of thousands of shares, and suffered over $3 million in losses as a result of defendants' alleged misconduct. *See* Martin Decl., Exs. B, C.[3] To the best of their counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, the Laborers Pension Funds satisfy the PSLRA's prerequisite of having the largest financial interest.

### 3. The Laborers Pension Funds Are Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 "requires in part that 'the claims or defenses of the representative parties are typical of the claims or defenses of the class . . .' and that 'the representative parties will fairly and adequately protect the interests of the class.'" *Blitz*, 2012 WL 1192814, at *10 (M.D. Tenn. Apr. 10, 2012) (citation omitted).

---

[3] The Laborers Pension Funds' loss is the same regardless of whether it is calculated pursuant to the LIFO (last-in, last-out) accounting method or the FIFO (first-in, first-out) accounting method. *See generally Norfolk Cty. Ret. Sys. v. Cmty. Health Sys.*, 2011 U.S. Dist. LEXIS 149899, at *12-*13 (M.D. Tenn. Nov. 28, 2011).

- 5 -

"In the Sixth Circuit, the test for typicality is whether a named plaintiff's claims 'arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.'" *Garden City Emps. Ret. Sys. v. Psychiatric Solutions, Inc.*, 2012 U.S. Dist. LEXIS 44445, at \*99-\*100 (M.D. Tenn. Mar. 29, 2012) (certifying securities class action) (citation and emphasis omitted).  Here, if appointed, the Laborers Pension Funds intend to allege that defendants violated the federal securities laws by disseminating materially false and misleading statements and omissions and that the Laborers Pension Funds purchased Envision stock at prices artificially inflated by defendants' misrepresentations and omissions, like all of the other putative class members.  Therefore, the Court should find their claims are typical to the claims of the other class members.

"Inquiry into the adequacy elements requires the Court to consider whether '"(1) the representative[s] . . . have common interests with unnamed members of the class, and (2) it [] appear[s] that the representatives will vigorously prosecute the interests of the class through qualified counsel."'" *Id.* at \*101 (citations omitted).  The Laborers Pension Funds, sophisticated institutional investors with more than $4 billion in collective assets under management, regularly interact with one another on matters related to fund governance and member benefits and have prior experience serving as lead plaintiff and overseeing counsel in securities class actions. *See* Martin Decl., Ex. D.  The Laborers Pension Funds are not aware of any potential conflicts of interest or any matters that would preclude them from fulfilling their duties as lead plaintiff.  Additionally, as explained below, the Laborers Pension Funds have selected experienced and qualified counsel with offices in this District, further evidencing their willingness to fairly and competently represent the interests of the class.

- 6 -

Because the Laborers Pension Funds filed a timely motion, have a large financial interest in the relief sought by the class, and demonstrated their typicality and adequacy, the Court should adopt the presumption that they are the "most adequate plaintiff."

## C.    The Court Should Approve the Laborers Pension Funds' Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  The Laborers Pension Funds selected Robbins Geller as lead counsel and Barrett Johnston as local counsel.

Robbins Geller, a 200-attorney firm with offices in this District, regularly represents institutional and individual investors in securities litigation within the Sixth Circuit and this District. *See* Martin Decl., Ex. E.  District courts throughout the country, including the judges of this Court, have noted Robbins Geller's reputation for excellence.  *See, e.g.*, *Burges v. BancorpSouth, Inc.*, 2017 U.S. Dist. LEXIS 97953 (M.D. Tenn. June 26, 2017) (certifying class and appointing Robbins Geller as class counsel); *Garden City Emps. Ret. Sys. v. Psychiatric Solutions, Inc.*, 2010 U.S. Dist. LEXIS 42915, at *13 (M.D. Tenn. Apr. 30, 2010) (finding Robbins Geller attorneys to be "well qualified and experienced to represent the class").  Notably, the team of Robbins Geller and Barrett Johnston is responsible for obtaining each of the three largest securities fraud class action recoveries ever obtained in this District.  *See, e.g.*, *Schuh v. HCA Holdings, Inc.*, No. 3:11-cv-01033, Transcript at 12-13 (M.D. Tenn. Apr. 11, 2016) (Sharp, J.) (in granting final approval to $215 million recovery, the largest securities class action recovery ever in Tennessee, the court stated that Robbins Geller and Barrett Johnston "were gladiators" and expressed the court's  "appreciat[ion for] the work that you all have done on this").  Robbins Geller attorneys have also obtained the largest securities fraud

- 7 -

class action recovery in this Circuit as well as in the Fifth, Seventh, Eighth, Tenth, and Eleventh Circuits.[4]

The members of the class will receive the highest caliber of legal representation available from Robbins Geller and Barrett Johnston. Accordingly, the Laborers Pension Funds' selection of counsel should be approved.

## IV.    CONCLUSION

The Related Securities Cases should be consolidated as they involve similar legal and factual questions. In addition, the Laborers Pension Funds have satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, the Laborers Pension Funds respectfully request that the Court consolidate the two Related Securities Cases, appoint the Laborers Pension Funds as Lead Plaintiff and approve their selection of Lead Counsel.

DATED:  October 3, 2017                                      Respectfully submitted,

BARRETT JOHNSTON MARTIN
  & GARRISON, LLC
JERRY E. MARTIN, #20193


                                                              s/ Jerry E. Martin
                                                        JERRY E. MARTIN

---

4    *See In re Enron Corp. Sec.*, No. H-01-3624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the 5th Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. C2-04-00575 (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the 6th Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the 7th Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691 (D. Minn.) ($925 million recovery is the largest securities class action recovery in the 8th Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 01-cv-1451 (D. Colo.) ($445 million recovery is the largest securities class action recovery in the 10th Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. CV-03-BE-1500 (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the 11th Circuit).

- 8 -

Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2202
615/252-3798 (fax)

Local Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHRISTOPHER M. WOOD, #032977
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2203
615/252-3798 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
DANIELLE S. MYERS
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 3, 2017, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on October 3, 2017.

s/ JERRY E. MARTIN
JERRY E. MARTIN

BARRETT JOHNSTON MARTIN
    & GARRISON, LLC
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2202
615/252-3798 (fax)

E-mail:      jmartin@barrettjohnston.com

# Mailing Information for a Case 3:17-cv-01112 Bettis v. Envision Healthcare Corporation et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Robert P. Bramlett**
  robert@bramlettlawoffices.com

- **Kenneth S. Byrd**
  kbyrd@lchb.com,korsland@lchb.com,msmith@lchb.com,aalmand@lchb.com

- **Mark P. Chalos**
  mchalos@lchb.com,korsland@lchb.com,msmith@lchb.com,aalmand@lchb.com

- **Gregory F. Coleman**
  greg@gregcolemanlaw.com,dawn@gregcolemanlaw.com

- **Joseph B. Crace , Jr**
  jcrace@bassberry.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Philip N. Elbert**
  pelbert@nealharwell.com,rparrish@nealharwell.com,jbrawner@nealharwell.com,jzager@nealharwell.com,mwilson@nealharwell.com

- **James A. Holifield , Jr**
  aholifield@holifieldlaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Britt K. Latham**
  blatham@bassberry.com,lbilbrey@bassberry.com,bmccaskill@bassberry.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **W. Brantley Phillips , Jr**
  bphillips@bassberry.com,kreecer@bassberry.com,lbilbrey@bassberry.com

- **James Gerard Stranch , IV**
  gerards@bsjfirm.com,amandaw@bsjfirm.com,mariahy@bsjfirm.com,ecf-processor@bsjfirm.com,jims@bsjfirm.com,jennifers@bsjfirm.com,beng@bsjfirm.com

- **Lisa A. White**
  lisa@gregcolemanlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)