# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| In re ENVISION HEALTHCARE CORPORATION SECURITIES LITIGATION ) ) ) ) ) | NO. 3:17-cv-01112 (Consolidated with Case Nos. 3:17-cv-01323 and 3:17-cv-01397) |
| This Document Relates To: ) ) | |
| ALL ACTIONS ) ) | JUDGE CAMPBELL MAGISTRATE JUDGE FRENSLEY |

## MEMORANDUM AND ORDER

Pending before the Court are four motions to seal, proposing the complete seal or redaction of more than 100 documents. The parties seek to seal the following: Plaintiffs' Memorandum of Law (Doc. No. 189); the Declaration of J. Marco Janoski Gray ("the Gray declaration") and 77 related exhibits (Doc. No. 190); Defendants' Response in opposition to Plaintiffs' Motion to Compel (Doc. No. 199); the Declaration of Kathryn Hannen Walker ("the Walker declaration") and related exhibits (Doc. No. 200); Plaintiffs' Reply in support of their motion to compel (Doc. No. 206); Defendants' Memorandum of Law (Doc. No. 214); and the Declaration of Joseph B. Crace, Jr. and related exhibits (Doc. No. 215). For the reasons stated herein, the motions (Doc. Nos. 188, 198, 205, 213) are **DENIED** without prejudice to refiling pursuant to the standards set forth below.

### I. STANDARD OF REVIEW

Courts have considerable discretion in managing their records. *See In re Knoxville News-Sentinel Co., Inc. v. Knoxville Journal Corp.*, 723 F.2d 470, 473 (6th Cir. 1983). The Sixth Circuit has held that a party seeking to seal a document from public view must provide "compelling

1

reasons" to seal the document, and demonstrate that sealing is narrowly tailored to serve those reasons by analyzing "in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Shane Group., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305–06 (6th Cir. 2016) (citing *Baxter Int'l Inc. v. Abbott Labs.,* 297 F.3d 544, 545 (7th Cir. 2002)). The burden is on the party designating the material as confidential. *Id*. If the designating party is not the moving party, the designating party must file a response to the motion with the required analysis. *Id.*; *see also* Local Rules 5.03 and 7.01.

The standard to seal information from public view is higher than that required for protecting documents during discovery. *Beauchamp v. Fed. Home Loan Mortg. Corp.,* 658 F. App'x. 202, 207 (6th Cir. 2016). In making a determination, the Court weighs the "presumptive right of the public to inspect" judicial material with the interests of privacy. *In re Knoxville News* 723 F.2d at 473-74. Typically, in civil litigation, "'only trade secrets, information covered by a recognized privilege (such as attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault)'" are enough to overcome the presumption of access. *Shane Grp.*, 825 F.3d at 308*.* (citation omitted). "The fact that a document will reveal 'competitively-sensitive financial and negotiating information' is not an adequate justification for sealing – rather, 'the proponents of closure bears the burden of showing that disclosure will work a clearly defined and serious injury.'" *Kondash v. Kia Motors America, Inc.,* 767 F. App'x. 635, 639 (6th Cir. 2019) (quoting *Shane Grp.,* 825 F.3d at 307). "[I]n delineating the injury to be prevented, specificity is essential." *Shane Grp.,* 825 F.3d at 308. (citation omitted).

## II. ANALYSIS

**A.  Motion to Seal Plaintiffs' Memorandum and Related Exhibits (Doc. No. 188)**

Defendants filed a memorandum response in support of maintaining Plaintiffs' Memorandum, the Gray declaration, and the related exhibits under seal. (Doc. No. 194). Defendants' discussion is limited to generalized statements that these documents contain proprietary information or are otherwise confidential. (*See, e.g., id*. at 4 ("A number of the Sealed Exhibits and Redacted Exhibits generally relate to Envision's subsidiary, EmCare, Inc.'s contracts with hospitals and provider groups…")). The Declaration of Marc Bonora, Associate General and Chief Litigation Counsel for Defendant Envision ("the Bonora declaration"), addressing the need to seal these documents provides little additional detail. (Doc. No. 195). And while Defendants provide a chart of the sealed exhibits that addresses the contents of each document, the chart too only generally states that information is "confidential" and relates to "proprietary business information" and that disclosure of such information would "disadvantage EmCare in future contract rate negotiations." (Doc. No. 195 at 3; Doc. No. 195-1). These assertions are insufficient to meet the rigorous standard required to seal documents from public view.

Additionally, Defendants fail to demonstrate how the redactions of certain exhibits are "narrowly tailored to serve those reasons."  *Shane Grp.,* 825 F.3d at 305–06. For example, Plaintiffs indicate three exhibits identified by Defendants as containing "protected patient health information and discussing patient billing issue and commercial payor network status at specific EmCare managed hospital." (Doc No. 201 at 6; Doc. No. 195-1 at 6, 8, 12). The Bonora declaration refers only to the patient health information. (Doc. No. 195 ¶ 11). Upon inspection, the documents contain redactions of more than the patient health information, and Defendants offer no justification for the additional redactions.

3

Finally, Defendants have failed to address the necessity of sealing Plaintiffs' Memorandum of Law in support of their motion to compel (Doc. No. 189), the redacted portions of which appear to contain only generalized descriptions of exhibits and an array of undefined terms in quotation marks. (*Compare* Doc. No. 186 *with* 189). Absent justification, the Court does not see an apparent and compelling reason to keep the Memorandum under seal.

In their arguments, Defendants appear to conflate the standards of protective orders and sealing. However, designation of certain materials in discovery as confidential does not create grounds to seal information on the docket. *See Shane Grp.*, 825 F.3d at 307. ("[T]hat a mere protective order restricts access to discovery materials is not reason enough…to seal from public view materials that the parties have chosen to place *in the court record*.") (emphasis in original). Based on the information provided, Defendants have failed to meet the more rigorous standards for sealing documents from public view.

The Court is not persuaded by Defendants' conclusory statements that exhibits relating to, for example, past negotiations, discussions of legislation, and vague terminology in the Memorandum amount to "competitive business trade secrets." (Doc. No. 195 at 2); *see Shane Grp*. 825 F.3d at 308 ("[T]he particulars of years-ago negotiations are unlikely to amount to a trade secret."); *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 ("[A] court should not seal records unless public access would reveal legitimate trade secrets, a recognized exception to the right of public access to judicial records"). Nor is the Court persuaded that defendants have demonstrated a "clearly defined and serious injury." *Kondash,* 767 F. App'x. at 639. In the absence of such support, the Court finds no compelling reason to keep the documents under seal. Accordingly, Plaintiffs' Motion to Seal (Doc. No. 188) is **DENIED**.

**B.     Motion to Seal Defendants' Memorandum and Related Exhibits (Doc. No. 198)**

Defendants move the Court to seal their Response in Opposition to Plaintiffs' Motion to Compel (Doc. No. 199), and the Walker declaration with related exhibits (Doc. No. 200). Defendants rely almost exclusively on the same reasoning in their previous memorandum response (Doc. No. 194), stating that this response "references much of the same information that was the subject of the previously filed Motion to Seal briefing." (Doc. No. 198 at 2). Defendants incorporate by reference the arguments made in that memorandum. (*Id*. at n.1). For the reasons stated above, the Court is not persuaded by these assertions. Defendants' Motion to Seal (Doc. No. 198) is **DENIED**.

**C.     Motion to Seal Plaintiffs' Reply (Doc. No. 205)**

Plaintiffs move the Court to seal their Reply in Support of their Motion to Compel. (Doc. No. 206). Plaintiffs' motion to seal is subject to Defendants, as the proponents of sealing, justifying the necessity under the standards discussed above. Defendants have not filed a response to this motion pursuant to Local Rule 5.03, and so the Court may deny the motion. Assuming the defendants wish to again incorporate the arguments made in support of the first motion (Doc. Nos. 194, 195), those arguments fail for the reasons already stated. Accordingly, the Motion to Seal (Doc. No. 205) is **DENIED**.

**D.     Motion to Seal Defendants' Memorandum and Related Exhibits. (Doc. No. 213)**

Defendants filed their own motion to compel additional discovery and moved to seal their Memorandum of Law (Doc. No. 214) and the declaration of Joseph B. Crace, Jr. with 30 related exhibits (Doc. No. 215). Plaintiffs, as the party designating the information contained in the documents as confidential, bear the burden of justifying the seal. Plaintiffs have not filed a response to this motion pursuant to Local Rule 5.03. Defendants indicate that some of the

5

information contained therein contains confidential information of third parties. (Doc. No. 213 n.1; Doc. No. 215) Plaintiffs are therefore **ORDERED** to file a notice addressing the necessity of sealing or redacting these documents under the standards set forth herein. *See Shane Grp.,* 825 F.3d at 308 ("[T]he privacy interests of innocent third parties should weigh heavily in a court's balancing equation.") (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2nd Cir. 1995)).

### III. CONCLUSION

For the reasons stated herein, the Motions to Seal related to the plaintiffs' motion to compel (Doc. Nos. 188, 198, 205) are **DENIED** without prejudice to Defendants refiling pursuant to the standards set forth in *Shane Grp.*, 825 F.3d at 305-306 and *Beauchamp*, 658 Fed. Appx. at 207 and in accordance with Local Rule 5.03. The Motion to Seal related to Defendants' motion to compel is **DENIED** subject to Plaintiffs filing a notice as instructed above. The parties are instructed to review carefully all documents and provide specific reasons and legal citations justifying the need to seal information from public view and explaining how the seal is narrowly tailored.

The Clerk shall retain the seal on Doc. Nos. 189, 190, 199, 200, 206, 214, and 215 until April 22, 2021. If the parties have not filed renewed motions or notices with the Court by that date, all documents, except those containing patient health information, will be unsealed.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE