IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In re ENVISION HEALTHCARE CORPORATION SECURITIES LITIGATION ) ) ) ) ) | NO. 3:17-cv-01112 <br><br> (Consolidated with Case Nos. 3:17-cv-01323 and 3:17-cv-01397) |
| This Document Relates To: ) ) | |
| ALL ACTIONS ) ) | JUDGE CAMPBELL <br> MAGISTRATE JUDGE FRENSLEY |

## MEMORANDUM AND ORDER

Pending before the Court are seven motions to seal. For the reasons stated herein, the motions to seal related to the parties' discovery disputes (Doc. Nos. 232, 283, 289, 327) are **GRANTED**. The motions to seal related to the briefing on the pending motions to certify class (Doc. Nos. 224, 273, 300) are **DENIED**.

### I. STANDARD OF REVIEW

Courts have considerable discretion in managing their records. *See In re Knoxville News-Sentinel Co., Inc. v. Knoxville Journal Corp.*, 723 F.2d 470, 473 (6th Cir. 1983). The Sixth Circuit has held that a party seeking to seal a document from public view must provide "compelling reasons" to seal the document and demonstrate that sealing is narrowly tailored to serve those reasons by analyzing "in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Shane Group., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305–06 (6th Cir. 2016) (citing *Baxter Int'l Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). The burden is on the party designating the material as confidential. *Id*. If the designating

1

party is not the moving party, the designating party must file a response to the motion with the required analysis. *Id.*; *see also* Local Rules 5.03 and 7.01.

The standard to seal information from public view is higher than that required for protecting documents during discovery. *Beauchamp v. Fed. Home Loan Mortg. Corp.,* 658 F. App'x. 202, 207 (6th Cir. 2016). In making a determination, the Court weighs the "presumptive right of the public to inspect" judicial material with the interests of privacy. *In re Knoxville News* 723 F.2d at 473-74. Typically, in civil litigation, "only trade secrets, information covered by a recognized privilege (such as attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault)" are enough to overcome the presumption of access. *Shane Grp.*, 825 F.3d at 308. (citation omitted). "The fact that a document will reveal 'competitively-sensitive financial and negotiating information' is not an adequate justification for sealing – rather, 'the proponents of closure bears the burden of showing that disclosure will work a clearly defined and serious injury.'" *Kondash v. Kia Motors America, Inc.,* 767 F. App'x. 635, 639 (6th Cir. 2019) (quoting *Shane Grp.,* 825 F.3d at 307).

## II. ANALYSIS

### A. Motions to Seal Briefing on Plaintiff's Motion to Certify Class

There are three motions to seal the briefing on Plaintiff's Motion to certify a class in this case. (Doc. Nos. 224, 273, 300). The Court provisionally granted the motion to seal Plaintiff's Memorandum in support of the motion (Doc. No. 224) subject to Defendants filing a motion for continued sealing. (Doc. No. 227). The Court has considered Defendants' arguments, particularly those filed after the Court's order on previous motions to seal, and finds them insufficient under the standard articulated by the Sixth Circuit.

2

Case 3:17-cv-01112   Document 348   Filed 09/24/21   Page 2 of 5 PageID #: 14752

The motions to seal request the complete seal or narrowed redaction of approximately 37 documents, including the memoranda briefing the motion to certify class. Defendants request that the following categories of information be redacted: "(A) EmCare reimbursement rates for commercial payors; (B) contract terms and negotiations with third-party payors; (C) contract terms with EmCare clients; and (D) sensitive financial and proprietary business information of Envision and negotiations involving EmCare-managed practices. (Doc. No 308. at 2).

These categories are the same as those already presented by Defendants and rejected by the Court. (*See* Doc. No. 278, denying previous motions to seal without prejudice to refiling). The court in *Shane Grp.* specifically rejected the argument that competitively sensitive financial and negotiating information merits sealing, finding that the assertion fails to articulate "a clearly defined and serious injury" and that the parties had not demonstrated that the information was protectable as a trade secret. *Shane Grp.,* 825 F.3d at 307-08. Defendants have likewise failed to demonstrate either factor here.

In support of their motion, Defendants cite to a decision by this Court in *Good L. Corp. v. Fasteners for Retail, Inc.*, in which the Court permitted the filing of certain business information under seal. Case No. 3:18-cv-00489, 2020 WL 6948360, at *2 (M.D. Tenn. June 15, 2020). In that case, the Court permitted the parties to seal certain business information not at issue in that trademark case. Conversely, the information Defendants seek to seal in this case goes to the heart of this securities litigation. The Court has been directed that "in class actions—where by definition some members of the public are also parties to the case—the standards for denying public access to the record should be applied with particular strictness." *Shane Grp.,* 825 F.3d at 305. (cleaned up) (citation omitted). While the Court has not yet ruled on the motion to certify class, it is

particularly disinclined to seal information that is "intricately bound up in the subject of the suit." *Id*. at 308.

Accordingly, the motions to seal (Doc. Nos. 224, 273, 300) are **DENIED**. On or before, October 29, 2021, the parties shall file a joint notice identifying only the documents in their briefing on the motion to certify class which contain patient health information. The Court will permit only the redactions of the patient health information. All other documents not identified in the parties' joint notice, will be unsealed on October 29, 2021.

**B.      Motions to Seal Briefing on Discovery Motions**

The parties have filed fives motions to seal briefing related to discovery issues. (Doc. Nos. 232, 283, 289, 327). The Court has considered carefully the context in which this information has been placed in the court record and finds that it is distinguishable from the filings related to class certification. Accordingly, for the reasons specified below, the Court will grant these motions to seal.

The court in *Shane Grp.* distinguished between materials exchanged in discovery and those filed in the court record. *Shane Grp*., 825 F.3d 305. The public has a presumptive interest in information filed in the court record as opposed to information exchanged between the parties. *Id*. The public interest stems from a variety of sources. Both the result of the litigation and the conduct giving rise to the litigation play a role. *Id*. In summarizing the interests of the public, the Sixth Circuit explained that "the public is entitled to assess for itself the merits of judicial decisions." *Id*.

The motions before the Court seek to seal specific information arising in direct relation to discovery disputes. The briefing and documentation would not be in the court record but for the parties' discovery dispute. In contrast to the briefing on Plaintiff's motion to certify class, the Court finds that the public interest in the discovery dispute to be minimal and outweighed by the parties'

interest in shielding from view specific information addressed by the parties' protective order. Accordingly, the Court finds that these motions to seal should be granted. The Court is granting these motions solely due to the stage of litigation in which they are presented and not for the content contained in the briefing and exhibits. Should the parties present this same information in other briefing, that the Court permitted filing under seal in this instance will not be grounds for filing it under seal elsewhere. The parties are expected to meet the standard for motions to seal articulated above.

## III. CONCLUSION

For the reasons stated herein, the motions to seal related to the parties' discovery disputes (Doc. Nos. 232, 283, 289, 327) are **GRANTED**. The motions to seal related to the briefing on the pending motions to certify class (Doc. Nos. 224, 273, 300) are **DENIED**. The parties shall file a joint notice on or before October 29, 2021, identifying the documents that contain patient health information.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE